IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY L. PERKINS, | : | 4:09-CV-2508 |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| RONNIE HOLT, WARDEN, | : | Hon. John E. Jones III |
| | : | |
| Respondent. | : | |

## **MEMORANDUM**

## **June 28, 2010**

This matter is before the Court on the petition by Terry L. Perkins ("Petitioner" or "Perkins") for a Writ of Habeas Corpus under 28 U.S.C. § 2241. For the reason set forth below, the petition will be denied.

### **I. BACKGROUND**

On July 31, 1989, Perkins was presented before the Superior Court of Connecticut, and charged with a violation C.G.S.A. § 21a-277(a).[1] On the same day, the court appointed a public defender to Perkins. Two weeks later, on August

---

[1] The statute proscribes a penalty for "any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any controlled substance which is a hallucinogenic substance other than marijuana, or a narcotic substance. . ." CONN. GEN. STAT. ANN. § 21a-277(a).

1

14, 1989, the appointment was revoked. Following the revocation of Petitioner's appointed counsel, a second public defender was appointed on August 28, 1989, who later withdrew with the permission of the court on September 11, 1989. On February 6, 1990, Petitioner, apparently still without counsel, entered a plea of guilty and received a sentence of seven years, execution suspended after three years and three years probation. Perkins served three months and was then placed on supervised release.

On March 14, 2000, Perkins was sentenced in two separate cases in the United States District Court for the District of Connecticut. Perkins was sentenced to the statutory mandatory minimum of 240 months following his guilty plea to one count of Possession with Intent to Distribute and Distribution of Cocaine Base. On that same date, but in a different case, the court also imposed a 120 month sentence on Perkins following his guilty plea and conviction on one count of Possession of a Firearm by a Convicted Felon.

Perkins challenged these District of Connecticut convictions by filing a direct appeal to the Second Circuit Court of Appeals on March 20, 2000. On September 27, 2000, the Second Circuit affirmed the judgment of the district court.

Thereafter, on July 9, 2001, Perkins filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On September 6, 2002, the motion

was denied by the district court. Perkins' request for a certificate of appealability was denied. On January 17, 2006, another section 2255 motion was filed by Perkins. By order dated December 19, 2006, that motion was also denied.

On April 9, 2007, Perkins filed a Petition for Writ of Error Coram Nobis. That petition was denied on July 25, 2007. Petitioner then filed a Petition for Certification and this petition was denied on September 27, 2007.

On October 22, 2007, Perkins filed yet another section 2255 petition. That motion was denied on March 7, 2008.

On April 30, 2008, the district court issued an order denying Perkins' motion for retroactive application of the sentencing guidelines for crack cocaine offenses pursuant to 18 U.S.C. § 3582(c)(2). Perkins appealed that order and hte Second Circuit dismissed that appeal on October 22, 2008. On May 6, 2009, Perkins filed a second motion for reduction of his sentence. This motion was denied on November 2, 2009 because Perkins' sentence was not based on a sentencing range that was lowered and a reduction in his sentence would not be consistent with the United States Sentencing Commission's policy statements.

Perkins later filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(a) and U.S.S.G. § 1B1.10 in light of the retroactive amendment to the sentencing guidelines which reduces the base offense levels for crack cocaine

3

offenses. On January 12, 2010, Perkins' motion was denied because he is ineligible for a reduction in sentence.

On December 21, 2009, Petitioner filed the instant habeas petition in this Court.

**IV. DISCUSSION**

Within the instant petition, Perkins claims that he is entitled to habeas corpus relief because the sentence imposed by the United States District Court for the District of Connecticut was enhanced by his uncounseled 1989 conviction in Connecticut state court. A writ, however, is not available to Perkins. "As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal conviction." *Brown v. Mendez*, 167 F.Supp.2d 723, 726 (M.D. Pa. 2001) (citing *Strollo v. Alldredge*, 463 F.2d 1194, 1195 (3d Cir. 1972)). Indeed, § 2255 provides in relevant part:

> An application for a writ of habeas corpus . . . shall not be entertained if it appears that the applicant has failed to apply for relief by motion to the court which sentenced him, or that such court has denied him relief, unless it is also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C.A. § 2255(e). Quite simply put, section 2255 motions are the exclusive means by which a federal prisoner can challenge a conviction or sentence that is

allegedly in violation of the Constitution or federal laws or that is otherwise subject to collateral attack.  *Davis v. United States*, 417 U.S. 333, 343 (1974).

The remedy provided by § 2255 can be inadequate or ineffective "only if it can be shown that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention."  *United States v. Brooks*, 230 F.3d 643, 648 (3d Cir. 2000) (citing *United States ex rel. Leguillou v. Davis* 212 F.2d 681, 684 (3d Cir. 1954)).  Moreover, the petitioner must prove the inadequacy of the remedy offered by § 2255, a burden he cannot meet merely by showing that the § 2255 motion has been denied.  *See Brown*, 167 F.Supp.2d at 726 (applying the rule to a *pro se* petitioner).

As outline in the procedural history section of this Memorandum, Perkins has filed multiple section 2255 motions, all of which have been denied.  To the extent that Perkins alleges the federal sentence he is currently serving was improperly enhanced by his previous conviction in Connecticut state court, he is not permitted not seek relief by way of a section 2241 petition.

### III.  CONCLUSION

For the foregoing reason, Perkins' § 2241 habeas petition will be denied. An appropriate final order will be entered.